J-S29023-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
JAMES DALEY :
:
Appellant : No. 257 WDA 2022

Appeal from the PCRA Order Entered January 20, 2022
In the Court of Common Pleas of Mercer County
Criminal Division at CP-43-CR-0000586-2019

BEFORE: PANELLA, P.J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.: **FILED: SEPTEMBER 21, 2022**

James Daley (Appellant) appeals *pro se* from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On May 24, 2019, the Commonwealth charged Appellant with more than a dozen crimes relating to his "repeated sexual abuse [of a child] over a period of years."[1] N.T., 1/28/20, at 6. On August 12, 2019, Appellant entered a plea

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The charges included rape (18 Pa.C.S.A. § 3121(c) (child less than 13 years of age), (a)(1)); statutory sex assault (18 Pa.C.S.A. § 3122.1(b)); aggravated indecent assault (18 Pa.C.S.A. § 3125(a)(7),(8)); incest (18 Pa.C.S.A. § 4302(b)(1),(2)); endangering the welfare of children (18 Pa.C.S.A. § 4304(a)(1)); and indecent assault (18 Pa.C.S.A. § 3126(a)(1),(2),(7),(8)). Appellant was also charged with two counts of aggravated indecent assault under 18 Pa.C.S.A. § 3125(a)(1) and (b).

of *nolo contendere* to rape of a child less than 13 years of age, 18 Pa.C.S.A. § 3121(c), and rape by forcible compulsion, 18 Pa.C.S.A. § 3121(a)(1).[2] The trial court sentenced Appellant, within the sentencing guidelines, to incarceration of 240 – 480 months for rape of a child, and a concurrent 66 – 132 months for rape by forcible compulsion.[3] Appellant did not file a direct appeal.

On October 26, 2020, Appellant filed a petition for relief under the PCRA. The PCRA court appointed counsel pursuant to Pa.R.Crim.P. 904(C) ("[W]hen an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief."). The court first appointed Dustin Cole, Esquire, on October 30, 2020, but granted Attorney Cole's motion to withdraw on November 5, 2020. Order, 11/5/20. The court appointed Victor Heutsche, Esquire, to represent Appellant in place of Attorney Cole. *Id.* Attorney Heutsche filed a motion for a conference, at which he requested copies of transcripts from Appellant's plea and sentencing hearings.

---

[2] The remaining charges were *nolle prossed*.

[3] The trial court explained it imposed concurrent sentences, contrary to the Commonwealth's request that the sentences be consecutive, because Appellant "saved [the victim] from the experience" of going to trial. N.T., 1/28/20, at 25.

On May 21, 2021, Attorney Heutsche filed a "no merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), concluding his "review of the record indicates there are no meritorious PCRA issues."[4] Accordingly, Attorney Heutsche contemporaneously filed a motion to withdraw from representation. The PCRA court granted the motion on May 24, 2020. Appellant proceeded to file multiple *pro se* motions. On June 30, 2021, the PCRA court re-appointed Attorney Heutsche, "in regard to [Appellant's] *Pro Se* Motion for Review of No Maritus Claim," and "as attorney for [Appellant] in his Motion for Post-Conviction Collateral Relief." Order, 6/30/21. However, Appellant continued to file *pro se* filing.[5] While represented by Attorney Heutsche, Appellant's *pro se* filings were "legal nullities." **See Commonwealth v. Ali**, 10 A.3d 282, 293 (Pa. 2010) (a defendant who is represented by counsel may not engage in hybrid representation by filing *pro se* documents). On September 28, 2021, Attorney Heutsche filed a second no-merit letter (advising Appellant, *inter alia*, that "careful review of [additional] material [provided by Appellant] does not change my original

---

[4] Attorney Huetsche advised Appellant, *inter alia*, that his "four grounds [for relief] … all have to do with your misplaced belief that Title 18 of the Pennsylvania Statutes were unlawfully enacted." No Merit Letter, 5/21/21, at 1.

[5] The docket lists ten *pro se* filings from June 30, 2021, when the PCRA court re-appointed Attorney Heutsche, to September 29, 2021, when the PCRA court granted Attorney Heutsche's second motion to withdraw.

opinion that your PCRA petition has no merit.").[6] Attorney Heutsche again requested to withdraw from representation. The PCRA court granted the request on September 29, 2021.

On November 2, 2021, the PCRA court issued Rule 907 notice of intention to dismiss Appellant's petition based on Attorney Heutsche's conclusion that there was no merit to Appellant's request for relief. On January 22, 2022, the PCRA court issued the order denying relief, "for the reasons set forth in the Order dated November 2, 2021." Appellant timely appealed. The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement, but issued an opinion stating that the court,

> expressly incorporated the rationale of the order of Court filed November 2, 2021[, which] in turn, references the No Merit Letters filed by [Appellant's] PCRA Counsel. The letters reflect the review of [Appellant's] claims and formed the basis for this Court's orders granting PCRA Counsel's Motion to Withdraw as Counsel.

PCRA Court Opinion, 4/13/22, at 1.

On appeal, Appellant presents one issue for review:

> Did the court err and/or abuse discretion by dismissing the PCRA petition without ruling upon the appellant's request for extension of time to respond to the notice of intent to dismiss thus violating appellant's due process rights to fundamental fairness.

---

[6] Attorney Heutsche addressed Appellant's claim regarding the effect of medication Appellant was taking when he entered his plea. Attorney Heutsche accurately advised, "the Judge asked you whether or not the medications you were taking that day affected your ability to understand the nature of the proceeding and you told the Judge that your medications were not affecting your ability to understand the proceedings." No Merit Letter, 8/24/21, at 2.

Appellant's Brief at 2.

Appellant argues the PCRA court erred by dismissing his petition "in violation of [A]ppellant's right to respond to the 907 order, and [A]ppellant's due process rights to fundamental fairness." Appellant's Brief at 4. He claims the PCRA court "rendered the Pa.R.Crim.P. 907 unusable by the Appellant." *Id.* at 5.

Our standard and scope of review on appeal from the denial of PCRA relief is limited to "whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *See Commonwealth v. Small*, 238 A.3d 1267, 1280 (Pa. 2020) (citation omitted). The "scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." *Commonwealth v. Koehler*, 36 A.3d 121, 131 (Pa. 2012). There is no absolute right to a PCRA hearing, and we review the denial of relief "to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing." *Commonwealth v. Burton*, 121 A.3d 1063, 1067 (Pa. Super. 2015) (*en banc*). "[T]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief,

or that the court otherwise abused its discretion in denying a hearing." **Commonwealth v. Hanible**, 30 A.3d 426, 452 (Pa. 2011).

Our review of the record confirms that Appellant is not entitled to relief. Despite being a prolific *pro se* filer,[7] Appellant failed to raise a genuine issue of fact. **Hanible, supra**. Appellant argues he was entitled to additional time beyond the 20 days provided in Rule 907, and the roughly 90 days from the Rule 907 notice (issued on November 2, 2021) to the January 20, 2022, order denying relief, to further respond to the PCRA court's intention to dismiss his petition. Appellant claims he was entitled to more time "to form a well informed and intelligent response," and "file an intelligently and factually sound response[.]" Appellant's Brief at 5-6. The crux of Appellant's argument is that he wants more time to unearth a genuine issue of fact. He maintains the PCRA court violated his due process rights by failing to respond to his *pro se* motions, and prevented the discovery of "any potentially arguable claims." **Id.** at 6.

_____

[7] In this Court, for example, Appellant requested appointment of counsel. On June 3, 2022, we denied Appellant's request because "the certified record shows that the PCRA court permitted court-appointed counsel to withdraw his appearance on behalf of Appellant following a no-merit letter pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*); **see also Commonwealth v. Maple**, 559 A.2d 953, 955 (Pa. Super. 1989) (the appointment of counsel after original post-conviction counsel has been permitted to withdraw pursuant to **Finley, supra** is "unnecessary and improper)." Order, 6/3/22. We also denied Appellant's application to stay. Order, 6/10/22.

The Commonwealth argues the PCRA court "was correct in dismissing the Appellant's PCRA petition, and properly conformed with Pa.R.Crim.P. 907." Commonwealth Brief at 9 (citing **Commonwealth v. Holt**, 175 A.3d 1014, 1017-18 (Pa. Super. 2017)). Rule 907 provides:

> If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. **The defendant may respond to the proposed dismissal within 20 days of the date of the notice**. The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

Pa.R.Crim.P. 907(1) (emphasis added).

The Pennsylvania Supreme Court recently addressed Rule 907 in the context of ineffective PCRA counsel. **Commonwealth v. Bradley**, 261 A.3d 381, 401, 405 (Pa. 2021) (abandoning **Commonwealth v. Pitts**, 981 A.2d 875 (Pa. 2009), where the "Rule 907 approach [w]as the sole procedure for challenging PCRA counsel's ineffectiveness," and providing a petitioner "may raise claims of ineffective PCRA counsel at the first opportunity"). The Pennsylvania Supreme Court recognized that when a PCRA petitioner is *pro se*, "the responsibility for filing a Rule 907 response is solely on the *pro se* petitioner." **Id.** at 399. The Pennsylvania Supreme Court has also observed that "*pro se* status confers no special benefit upon a litigant, and a court cannot be expected to become a litigant's counsel or find more in a

written *pro se* submission than is fairly conveyed in the pleading." ***Commonwealth v. Blakeney***, 108 A.3d 739, 766 (Pa. 2014).

Here, the PCRA court granted Attorney Heutsche's second request to withdraw from representation on September 29, 2021, issued Rule 907 notice on November 2, 2021, and entered its order denying PCRA relief on January 20, 2022. In that time, Appellant filed 15 *pro se* documents, including a motion for assignment of counsel, which the PCRA court denied. The 14 remaining filings (consisting of correspondence, motions for stay, reconsideration, copies, and to amend/append) are either improper, baseless and/or unintelligible.[8] Despite the volume of pleadings, Appellant failed to raise any genuine issue of material fact. We have stated that the PCRA "provides collateral relief for persons convicted of crimes they did not commit and persons serving illegal sentences, and it is limited in scope." ***Commonwealth v. Thomas***, 270 A.3d 1221, 1229 (Pa. Super. 2022) (citation omitted). The PCRA is "not a conduit for … unhappy defendants[.]" ***Id.*** Upon review, we discern no error in the PCRA court's denial of relief.

Order affirmed.

---

[8] Undeterred, Appellant has continued his *pro se* filings with the PCRA court during the pendency of this appeal.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/21/2022</u>