J-S45030-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ALEXANDER SCOTT | |
| Appellant | No. 1024 EDA 2022 |

Appeal from the PCRA Order Entered March 29, 2022
In the Court of Common Pleas of Montgomery County
Criminal Division at No.: CP-46-CR-0003656-2015

BEFORE: MURRAY J., STABILE, J., and OLSON, J.

MEMORANDUM BY STABILE, J.:                    **FILED MARCH 31, 2023**

Appellant, Alexander Scott, who is serving a sentence of 23½-59 years' imprisonment for multiple felonies,[1] appeals from an order denying relief under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. Appellant contends that trial counsel was ineffective (1) for failing to object to the trial court's failure to provide Appellant with counsel for 191 days following his arrest for corrupt organizations, attempted murder and other felonies, and (2) for failing to object to challenge the discretionary aspects of his sentence during direct appeal. We affirm.

---

[1] The jury found Appellant guilty of one count of corrupt organizations, three counts of conspiracy, six counts of possession with intent to deliver, four counts of criminal use of a communication facility, one count of attempted murder and two counts of firearms not to be carried without a license.

The charges against Appellant arise out of violent conflict in 2014 and 2015 between two rival gangs in Pottstown, Pennsylvania. The PCRA court's opinion describes at length a series of encounters between the gangs. Court-ordered wiretaps intercepted Appellant arranging a series of drug sales. On February 28, 2015, law enforcement listened, in real time, as Appellant planned to find a rival gang member, Lazaro "Laz" Morgalo, and kill him for robbing Appellant's little brother. Several calls detailed Appellant's movements as he crept through the streets of Pottstown searching for Morgalo. Ultimately, Appellant gave up attempting to find Morgalo and left the area.

On March 2, 2015, police intercepted calls between Appellant and a customer setting up a drug deal in Pottstown. When law enforcement spotted Appellant, he fled on foot but was arrested with a Tech-9 on his person, 53 vials of crack, heroin, three cell phones and empty vials. Search warrants on homes associated with Appellant's gang uncovered larger amounts of drugs, scales, money counters, firearms, numerous phones and the same packaging material that was on Appellant at the time of his arrest.

On March 3, 2015, a criminal complaint was filed charging Appellant with offenses relating to the events on March 2, 2015. On the same date, a district justice scheduled Appellant's preliminary hearing for March 19, 2015. The preliminary hearing was continued several times. The Commonwealth obtained permission to proceed against Appellant (and other individuals) by way of an indicting grand jury. Consequently, on May 11, 2015, the Honorable

Thomas Branca of the Court of Common Pleas of Montgomery County canceled Appellant's preliminary hearing, ordered that the case be closed out by the district magistrate, and directed that the case be forwarded to the common pleas court. On May 15, 2015, while closing out the case in accordance with Judge Branca's order, the district magistrate entered a Notice of Formal Arraignment scheduling Appellant's arraignment for July 8, 2015.[2]

On July 1, 2015, the Commonwealth filed a notice joining Appellant's case with cases against other defendants. On July 16, 2015 and September 1, 2015, the Commonwealth filed amended notices joining Appellant's case with additional cases. The September 1, 2015 notice stated that "arraignment has not yet been held in any of the above-referenced cases," including Appellant's case.

The court scheduled a pretrial conference for September 10, 2015. On that date, Brendan Campbell, Esquire, appeared. Upon Appellant's request, the case was placed on the court's next trial list. On September 23, 2015, 191 days after the date of the criminal complaint against Appellant, attorney

_____

[2] In addition, a May 18, 2015 entry in the Montgomery County court of common pleas' docket indicates Appellant's arraignment was scheduled for July 8, 2015 at 9:30 a.m. The entry also contains the comment: "July 8, 2015 see order at back of 5/18/15 DJ Paperwork." The record does not make clear what order is being referenced, but the record is clear that as of May 11, 2015, the matter was to be closed at the magistrate district court and transferred to the common pleas court.

Campbell was formally appointed as Appellant's counsel.[3] The case continued on track for trial with monthly trial list dates. Neither party requested a continuance nor did Appellant execute a Pa.R.Crim.P. 600 waiver.

On October 30, 2015, the Commonwealth filed bills of information against Appellant. On November 12, 2015, Appellant joined in a petition for *habeas corpus*. The court convened a hearing on the *habeas corpus* petition during which attorney Campbell represented Appellant. On March 15, 2016, after several continuances, the court denied the *habeas corpus* petition. On April 15, 2016, attorney Campbell attended a bail hearing for Appellant and obtained a modification allowing him to have contact with his son. N.T., 10/21/21, at 21 (Campbell's testimony at PCRA hearing).

On September 23, 2016, attorney Campbell filed a motion to dismiss pursuant to Rule 600. On September 28, 2015, the court denied this motion.

Trial began on October 17, 2016. After eight days of testimony, the jury found Appellant guilty of the charges listed above. On January 23, 2017, the court sentenced Appellant to 25-60 years' imprisonment, including consecutive sentences for attempted murder and conspiracy to commit murder. The court also applied the deadly weapons possessed enhancement and gang enhancement to eligible counts.

---

[3] It appears the principal purpose of the September 10, 2015 pretrial conference was for the court to appoint counsel in all defendants' cases which the court found to be a "herculean task", since there were 25 joined co-defendants for trial and the court had to find enough attorneys who were not conflicted from representation. Trial Court Opinion, 2/28/2018, at 13-14.

- 4 -

Following post-sentence motions, the Commonwealth conceded that Appellant's sentences for attempted murder and conspiracy were illegal because they were two inchoate crimes with the same object. The court vacated Appellant's original sentence in its entirety. On July 20, 2017, the court resentenced Appellant to multiple consecutive terms,[4] each within the standard guideline range, totaling 23½-59 years' imprisonment. Appellant filed a timely appeal to this Court, arguing, *inter alia*, that the trial court abused its discretion by imposing consecutive sentences. In a memorandum issued on March 4, 2019, this Court affirmed Appellant's judgment of sentence, holding that we lacked jurisdiction to review Appellant's sentencing claim due to his failure to include a Pa.R.A.P. 2119(f) statement in his brief.

On December 30, 2019, Appellant filed a timely PCRA petition. The court appointed counsel for Appellant, who filed an amended PCRA petition. On October 21, 2021, the court convened an evidentiary hearing on Appellant's claims. On March 29, 2022, the court denied PCRA relief. Appellant filed a timely appeal to this Court, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises two issues in this appeal:

> I. Did the PCRA Court err when it failed to hold that a structural error in the trial process occurred, in violation of the Constitution of this Commonwealth (Article I, Section Nine) and the Constitution of the United States of America (Sixth Amendment),

---

[4] The court imposed a sentence of imprisonment for attempted murder and ruled that the charge of conspiracy to commit murder merged for sentencing purposes.

when Appellant was facially denied his right to competent representation of counsel during critical phases of the proceedings against him, and when Appellant did not have representation for approximately 191 days following his arrest?

II. Did the PCRA Court err when it failed to find that trial/direct appellate counsel was ineffective for failing to challenge the discretionary aspects of sentencing properly during the direct appeal of this case when counsel failed to file a statement under Pa.R.A.P. 2119(f) and, to the extent that trial/direct appeal counsel failed to raise the issue above as to the denial of counsel prior to counsel's appointment, whether prior counsel should have argued the structural denial of counsel argument in the direct appeal?

Appellant's Brief at 5.

Appellant first argues that attorney Campbell was *per se* ineffective for failing to object to the trial court's failure to appoint counsel for Appellant for 191 days after the date of the criminal complaint (from March 3, 2015 to September 23, 2015), a period that Appellant calls a critical stage of this case. We agree with the PCRA court that this argument fails due to Appellant's inability to demonstrate that the 191-day period was a critical stage of the case.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." **Commonwealth v. Spotz,** 84 A.3d 294, 311 (Pa. 2014). In addressing ineffective assistance of counsel claims, we are guided by the following authorities:

[A] PCRA petitioner will be granted relief [for ineffective assistance of counsel] only when he proves, by a preponderance of the

evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.[A.] § 9543(a)(2)(ii). "Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." ***Commonwealth v. Colavita***, 993 A.2d 874, 886 (Pa. 2010) (citing ***Strickland v. Washington,*** 466 U.S. 668, 687 (1984)). In Pennsylvania, we have refined the ***Strickland*** performance and prejudice test into a three-part inquiry. ***See Commonwealth v. Pierce,*** 786 A.2d 203, 213 (Pa. 2001). Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. ***Commonwealth v. Ali,*** 10 A.3d 282, 291 (Pa. 2010).

***Spotz,*** 84 A.3d at 311-12 (citations modified). "[C]ounsel is presumed to be effective, and a PCRA petitioner bears the burden of proving otherwise." ***Commonwealth v. Thomas***, 270 A.3d 1221, 1226 (Pa. Super. 2022).

The right to counsel under the Sixth Amendment attaches at the commencement of criminal proceedings.[5] The right to counsel encompasses the right to the effective assistance of counsel. ***Commonwealth v. Diaz***, 226 A.3d 995, 1007 (Pa. 2020). When reviewing claims of ineffective assistance, courts must presume that counsel provided effective assistance. ***Id.*** To overcome this presumption, the PCRA petitioner usually must satisfy the three-prong test articulated in ***Spotz***, which includes proof of actual

---

[5] The Rules of Criminal Procedure enforce this constitutional right by prescribing, "Counsel shall be appointed ... in all court cases, prior to the preliminary hearing, to all defendants who are without financial resources or who are otherwise unable to employ counsel." Pa.R.Crim.P. 122(A)(2).

prejudice. *Spotz*, 84 A.3d at 311. In certain circumstances, however, proof of prejudice is not required. One such occasion is the actual or constructive denial of counsel during a critical stage of the case. *United States v. Cronic*, 466 U.S. 648, 658 (1984). When this occurs, "a presumption of prejudice, *i.e.*, *per se* ineffectiveness," arises, *Commonwealth v. Britt*, 83 A.3d 198, 202 (Pa. Super. 2013), because "prejudice is so likely that the cost of litigating the question of prejudice is unnecessary." *Commonwealth v. Diaz*, 226 A.3d 995, 1008 (Pa. 2020). "A critical stage in a criminal proceeding is characterized by an opportunity for the exercise of judicial discretion or when certain legal rights may be lost if not exercised at that stage." *Commonwealth v. Johnson*, 828 A.2d 1009, 1014 (Pa. 2003).[6]

Appellant argues that the 191-day period after the complaint was filed was a critical stage of this case because neither he nor his counsel were present during his arraignment, and that he lost legal rights due to deprivation of counsel during this period. Thus, Appellant claims attorney Campbell was ineffective *per se* for failing to object to the absence of counsel during this 191-day period. Appellant states:

---

[6] For example, in *Hamilton v. Alabama*, 368 U.S. 52 (1961), the defendant was forced to represent himself *pro se* during his arraignment in a capital murder case. Under Alabama law, the defendant had to plead insanity during his arraignment or lose the opportunity to do so for the remainder of the case. The defendant failed to plead insanity and was later convicted and sentenced to death. The United States Supreme Court reversed, holding that the arraignment was a critical stage of the defendant's case because the absence of counsel caused him to waive an available insanity defense. *Id.* at 54.

A formal arraignment took place [during the 191-day period] without Appellant being represented, at which time a defendant is made aware of the charges against him as well as important deadlines for the filing of motions and for discovery. No motions were filed in this case. No attorney yet represented this Appellant. The Commonwealth filed three notices of joinder as Appellant remained unrepresented. The joinder with other defendants would lead to delays in Appellant's case and ultimately the denial of Appellant's Rule 600 motion. Appellant, a young man with limited legal skills, did not have any person advising him that he could file a motion to sever his case from that of his codefendants or file motions for discovery or for a bill of particulars; all of those motions are timed to be filed shortly after a formal arraignment.

Appellant's Brief at 31-32. Based upon a careful record review, we conclude Appellant is not entitled to relief.

Appellant bore the burden under the PCRA of proving his factual allegation that an arraignment took place during the 191-day period. He failed to sustain this burden; indeed, the record refutes this claim. While he asserts that neither he nor his counsel were present for the "July 8, 2015" arraignment, he has offered no evidence that an arraignment in fact occurred on that date. As a result, he has failed to prove that he lost the right to file any procedural or substantive motions that could have been raised at his arraignment. To elaborate, the 191-day period began on March 3, 2015, when the criminal complaint against Appellant was filed, and ended on September 23, 2015, the date of attorney Campbell's appointment as Appellant's counsel. The record reflects that subsequent to the filing of the criminal complaint against Appellant, the court cancelled Appellant's preliminary hearing because the Commonwealth was granted permission to proceed before an indicting

grand jury. On May 15, 2015, a district magistrate ordered an arraignment "scheduled" for July 8, 2015, but no arraignment took place on July 8th due to ongoing grand jury proceedings. The Commonwealth made this fact clear in its September 1, 2015 notice joining Appellant's prosecution with prosecutions against other defendants. The notice explicitly stated that "arraignment has not yet been held in any of the above-referenced cases," including Appellant's case. Nor is it likely that an arraignment could have taken place between September 1, 2015 and the end of the 191-day period on September 23, 2015. This is because the Commonwealth did not file an information against Appellant until October 30, 2015. The Rules of Criminal Procedure provide that "[u]nless otherwise provided by local court rule, or postponed by the court for cause shown, arraignment shall take place no later than 10 days after the information has been filed". Pa.R.Crim.P. 571(A). While Appellant makes the bald assertion that arraignment took place on July 8, 2015, he has failed to set forth proof that an arraignment occurred[7] at that time or any time during this 191-day period to demonstrate that either the court exercised

_____

[7] We have thoroughly reviewed the certified record from the trial court and are disturbed to find that nowhere in the court dockets or elsewhere in the certified record is there any documentation of when arraignment occurred in this case or if Appellant waived his arraignment. Nor were we able to find in the certified record any documentation of when Appellant ostensibly entered pleas of not guilty to the charges. Regardless, it was Appellant's burden of proof to establish these facts at hearing to the extent they were relevant to the claims being asserted.

discretion or counsel could have exercised legal rights on his behalf that now are waived. **Johnson**, 828 A.2d at 1014 (critical stage characterized by "opportunity for the exercise of judicial discretion or when certain legal rights may be lost if not exercised at that stage").

The record also establishes that the court appointed attorney Campbell as of September 23, 2015, and trial did not begin until October 2016, over one year later. During this lengthy pretrial period, attorney Campbell had ample opportunity to inform Appellant of the nature of the charges and to file any motions that he thought helped Appellant's defense. In fact, attorney Campbell testified that following his appointment as counsel, (1) he raised all motions on Appellant's behalf that he thought had merit and obtained all discovery, and (2) the delay in his appointment did not prevent him from raising any challenges. N.T., 10/21/21, at 20-21 (Campbell's testimony). The PCRA court credited this testimony and concluded, "[Appellant] was not deprived of counsel at any critical stage of his proceedings. [Appellant] was fully represented for over a year prior to trial, during pretrial proceedings, and at all stages of the actual eight-day trial." Opinion at 12-13. Appellant therefore also has failed to demonstrate that legal rights were lost during any other time during this 191 day period when and if any critical proceedings occurred due to the absence of counsel.

The decisions relied upon by Appellant are distinguishable from the present case because they involve deprivation of counsel during outcome-

determinative stages of the case such as suppression, trial and sentencing. *See Commonwealth v. Diaz*, 226 A.3d 995, 997 (Pa. 2020) (where defendant was not native English speaker, defense counsel's failure to obtain Spanish interpreter for defendant on first day of trial was *per se* prejudicial because it obstructed defendant's ability to communicate with counsel during critical stage); *Commonwealth v. Carlson*, 244 A.3d 18, 27 (Pa. Super. 2020) (sentence vacated and new trial granted where the trial court "compelled" the defendant to appear *pro se*, against his wishes, for both trial and sentencing); *Commonwealth v. Johnson*, 158 A.3d 117, 123 (Pa. Super. 2017) ("trial court's failure to colloquy Appellant of his constitutional right to counsel prior to the suppression hearing requires us to vacate judgment" and award new suppression hearing and trial). Unlike the individuals in these cases, Appellant did not lose any rights during the 191-day period in this case due to lack of counsel.

For these reasons, Appellant claim of ineffectiveness *per se* does not warrant relief.

In his second argument, Appellant contends that trial counsel was ineffective for (1) failing to appeal the discretionary aspects of his sentence and (2) failing to object to the court's application of the deadly weapons possessed enhancement and gang enhancement.

The first prong of Appellant's argument, a claim that counsel was ineffective for failing to appeal the discretionary aspects of his sentence, is

cognizable under the PCRA. ***Commonwealth v. Sarvey***, 199 A.3d 436, 455 (Pa. Super. 2018). To prove that counsel was ineffective for failing to challenge the discretionary aspects of sentence, Appellant must satisfy the standard three-prong test for ineffectiveness by showing: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. ***Ali,*** 10 A.3d at 291. In turn, to demonstrate that a challenge to the discretionary aspects of sentence has arguable merit, the first showing that Appellant must make is that his challenge raises a "substantial question". ***Sarvey***, 199 A.3d at 455. Appellant's argument fails to raise a substantial question, because he merely complains that the court imposed consecutive sentences, each of which fell within the standard guidelines range. Such objections do not raise a substantial question. ***Commonwealth v. Coolbaugh***, 770 A.2d 788, 793 (Pa. Super. 2001).

Even if we assume that Appellant raised a substantial question, his argument would still fail. Appellant relies upon ***Commonwealth v. Dodge***, 859 A.2d 771 (Pa. Super. 2004), *vacated on other grounds*, 935 A.2d 1290 (Pa. 2007), for the proposition that his aggregate sentence of 23½—59 years' imprisonment was manifestly excessive. ***Dodge*** is distinguishable from this case. There, without addressing the defendant's rehabilitative needs, the court sentenced the defendant to "a minimum sentence of 52 years for 37 counts of receiving personal property, all property crimes, many of which

J-S45030-22

involved property of little monetary value." ***Id.*** at 781; ***see also Commonwealth v. Dodge***, 957 A.2d 1198, 1202 (Pa. Super. 2008) (noting in a subsequent appeal in the same case that "the life sentence is comprised largely of consecutive sentences for receiving stolen costume jewelry . . . non-violent offenses with limited financial impact."). Based on these unique facts, we concluded that the court's exercise of discretion in imposing a minimum sentence of over fifty years was clearly unreasonable. The present case is different because the court had the benefit of a presentence investigation report and imposed standard range sentences. Therefore, we can assume the court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. ***Commonwealth v. Bankes***, 286 A.3d 1302, 1307-08 (Pa. Super. 2022). Moreover, unlike ***Dodge***, this case did not involve mere petty thefts; it concerned extremely serious felonies involving gang violence, attempted murder and drug dealing that terrorized the community.

Next, Appellant claims that counsel was ineffective for failing to object to the court's application of the gang and deadly weapons enhancements at sentencing. This claim lacks arguable merit because Appellant completely fails to explain, however, why either of these enhancements was inappropriate. Moreover, the record demonstrates that each enhancement was proper. The deadly weapons enhancement applies when "the offender possessed a deadly weapon during the commission of the current conviction offense." 204 Pa.

Code § 303.10(a)(1)(i). Any firearm, loaded or unloaded, is a deadly weapon for purposes of this enhancement. *Id.* The gang enhancement applies "[w]hen the court determines that the offender committed [possession with the Intent to Deliver] in association with a criminal gang." 204 Pa. Code § 303.10(c)(2). The PCRA court aptly explained:

> Evidence at trial showed that [Appellant] was a drug dealing member of [a gang called] SCMG, which was sufficient to allow the application of the gang enhancement. He also possessed a Tech-9 on several occasions, including on February 28, 2015 when he was stalking Laz Margalo, and bragged about the gun on social media and in intercepted communications, thus supporting the deadly weapons enhancement.

PCRA Court Opinion, 6/3/22, at 15-16. Accordingly, Appellant's claim of ineffectiveness pertaining to the court's use of the gang and deadly weapons enhancements fail.

For these reasons, we affirm the order denying PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/31/2023

- 15 -