J-S19037-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JERRY JERON DANIELS | : | |
| | : | |
| Appellant | : | No. 1495 MDA 2022 |

Appeal from the PCRA Order Entered September 26, 2022
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-CR-0004631-2021

BEFORE:  BENDER, P.J.E., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                 **FILED SEPTEMBER 25, 2023**

Jerry Jeron Daniels ("Daniels") appeals *pro se* from the order dismissing his petition for relief pursuant to the Post Conviction Relief Act ("PCRA").[1] Daniels has also filed seven *pro se* motions and applications for relief in this Court.  We affirm the dismissal of his petition and deny his motions and applications for relief.

In August 2021, an officer with the Harrisburg Bureau of Police filed a criminal complaint charging Daniels with simple assault.  Daniels, who was represented by counsel at the time ("pre-trial counsel"), pleaded guilty in the magisterial district court, but then withdrew his plea.  The magisterial district court held the charge over for trial.  The Commonwealth filed an information which added a count of harassment.  Daniels, who was represented by new

---

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

counsel ("plea counsel"), entered into plea negotiations with the Commonwealth. In exchange for Daniels's guilty plea, the Commonwealth agreed to withdraw the harassment count, amend the simple assault count to disorderly conduct graded a third-degree misdemeanor, and recommend a sentence of one year of probation to run consecutively to his backtime for a parole violation in an Adams County case. *See* Written Plea Colloquy, 6/2/22, at 2-3 (unnumbered). Daniels signed a written plea colloquy and pleaded guilty plea to disorderly conduct. *See id*. at 3; N.T., 6/2/22, at 1-3. The trial court accepted Daniels's plea and, that same day, imposed the negotiated one-year probationary sentence.[2] Daniels did not file post-sentence motions or appeal the judgment of sentence.

Daniels filed a *pro se* petition alleging the trial court lacked subject matter jurisdiction because he was unlawfully detained, there was no criminal complaint in the record, and he did not have a preliminary hearing. *See* Motion for *Habeas Corpus*, 8/9/22, at 1-2. The court properly regarded the

---

[2] We note that a PCRA petitioner is ineligible for relief if he has completed the sentence he is challenging. *See* 42 Pa.C.S.A. § 9543(a)(1)(i), (iii) (stating that to be eligible for PCRA relief, a petitioner must be currently serving a sentence of probation or serving a sentence that must expire before commencing the disputed sentence). Here, at the guilty plea hearing, plea counsel estimated that Daniels's probationary sentence would commence in 2025, after Daniels served his backtime in the other case. Daniels's *pro se* motions to this Court also indicate that Daniels remained incarcerated at SCI-Frackville during this appeal. Therefore, despite the short probationary sentence, it appears that Daniels remains eligible for PCRA relief. *See* 42 Pa.C.S.A. § 9543(a)(1)(iii).

filing as a timely first PCRA petition[3] and appointed counsel ("PCRA counsel").

PCRA counsel filed a petition to withdraw and a no-merit letter pursuant to

***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth***

***v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  The court granted PCRA

counsel's petition to withdraw and issued a notice to dismiss Daniels's petition

pursuant to Pa.R.Crim.P. 907.  Daniels filed *pro se* responses and objections

and a request to amend his petition to include ineffective assistance of counsel

claims that prior counsel unlawfully induced his guilty plea.  The court, upon

consideration of Daniels's *pro se* filings, dismissed Daniels's PCRA petition on

September 26, 2022.  Daniels timely appealed.  The PCRA court did not order

a Pa.R.A.P. 1925(b) statement but attached its Rule 907 notice to a statement

in lieu of a Rule 1925(a) opinion.

Daniels raises the following issue for our review:

1. Whether counsel provided effective assistance, pursuant to [the] 6th Amendment[ b]ased upon the below pleadings denying [d]ue [p]rocess where counsel:

   a. Failed to object or challenge the court[']s lack of subject matter[] jurisdiction.

   b. Failed to object to defective on-the-record colloquy.

   c. Failed to object, and/or challenge arraignment proceedings without a [m]agisterial [j]udge present.

Daniels's Brief at 4.

---

[3] *Cf*. ***Commonwealth v. Taylor***, 65 A.3d 462, 465 (Pa. Super. 2013) (noting that the PCRA subsumes the writ of *habeas corpus* unless the PCRA cannot provide a potential remedy).

Our standard of review of an order denying PCRA relief is "whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Parker**, 249 A.3d 590, 594 (Pa. Super. 2021) (internal citation omitted).

To establish a claim of ineffective assistance of counsel, a PCRA petition must demonstrate: (1) the underlying claim has arguable merit; (2) counsel's performance was not reasonably designed to effectuate the defendant's interests, and (3) counsel's unreasonable performance prejudiced the defendant. **See Commonwealth v. Lynch**, 820 A.2d 728, 733 (Pa. Super. 2003). A petitioner may demonstrate prejudice by showing that counsel's alleged ineffectiveness caused an involuntary or unknowing plea. **See Commonwealth v. Thomas**, 270 A.3d 1221, 1226 (Pa. Super. 2022). A petitioner may also establish prejudice by showing there was a reasonable probability that he would not have pleaded guilty but for counsel's erroneous advice. **See Commonwealth v. Rathfon**, 899 A.2d 365, 369-71 (Pa. Super. 2006).

We summarize Daniels's issues as follows: (1) no criminal complaint was filed in the instant case; (2) the magisterial district court held him over for trial without a preliminary hearing; and (3) his pre-trial and plea counsel were ineffective for failing to object to defects in the preliminary hearing, the lack of a formal arraignment, and the absence of an on-the-record guilty plea colloquy. Daniels concludes the trial court lacked subject matter jurisdiction,

- 4 -

he is innocent, and his counsels' ineffectiveness unlawfully induced him to plead guilty.

The PCRA court found Daniels's issues meritless. The court determined that the challenge to the trial court's subject matter jurisdiction was frivolous because the record contains the criminal complaint and, regardless of any defect in the magisterial district court proceeding, the trial court had subject matter jurisdiction to adjudicate violations of the Crimes Code. **See** Rule 907 Notice, 8/29/22, at 3. The court found that Daniels had been afforded an opportunity for a preliminary hearing, but that his decisions to plead guilty in the magisterial district court then withdraw his plea obviated the need for a preliminary hearing. **See id**. at 3-4 (discussing Pa.R.Crim.P. 550(D), which permits the magisterial district court to proceed as though a defendant had been held for court when he changes his plea from guilty to not guilty). The court also held that Daniels waived his right to contest any procedural irregularities in the prior proceedings by pleading guilty. **See id**. at 4-5.

Following our review, we discern no error or abuse of discretion in the PCRA court's conclusion that Daniels's issues lacked merit.

As to Daniels's challenge to the trial court's subject matter jurisdiction,[4] we agree with the trial court that Daniels's issue begins with the faulty factual

_____

[4] Although Daniels frames his challenge to the trial court's subject matter jurisdiction as an issue of ineffective assistance of counsel, we may address the subject matter jurisdiction of the court as an independent claim of error. **See** 42 Pa.C.S.A. § 9543(a)(2)(viii); **accord Commonwealth v.**
*(Footnote Continued Next Page)*

- 5 -

assertion that the record does not contain a criminal complaint. The criminal complaint is in the record. *See* Rule 907 Notice, 8/29/22, at 3; *accord* Criminal Complaint, HC-21-020304-19500, 8/27/21. Moreover, as our Supreme Court explained, litigants often conflate subject matter jurisdiction with a court's power to act. *See Commonwealth v. Mockaitis*, 834 A.2d 488, 495 (Pa. 2003). "[J]urisdiction relates solely to the competency of the particular court or administrative body to determine controversies of the general class to which the case then presented for its consideration belongs. Power, on the other hand, means the ability of a decision-making body to order or effect a certain result." *See id*. (internal citation omitted). Here, Daniels's issue at most alleges procedural irregularities that do not undermine the trial court's competency to adjudicate violations of the Crimes Code. *See Commonwealth v. Jones*, 929 A.2d 205, 211-12 (Pa. 2007). Thus, Daniels's subject matter jurisdiction claim lacks any basis in the record or the law.

With respect to Daniels's claim that plea counsel was ineffective for failing to object to the trial court's on-the-record guilty plea colloquy, his reliance on Pa.R.Crim.P. 590 is unavailing.

The comment to Rule 590 outlines the requirement that a colloquy delve into the defendant's understanding of: (1) the nature of the charges; (2) the

---

*Hemingway*, 13 A.3d 491, 496 (Pa. Super. 2011) (noting that "[t]he existence of subject matter jurisdiction goes to the heart of a court's ability to act in a particular case . . . and may be raised by any party or by the court, *sua sponte* . . .. (citation omitted)).

factual basis for the plea; (3) his trial rights; (4) the presumption of innocence; (5) the permissible range of sentences for the offenses; and (6) the fact that the judge is not bound by the terms of a plea agreement unless the judge accepts such agreement. **See Commonwealth v. Morrison**, 878 A.2d 102, 107 (Pa. Super. 2005) (*en banc*); **accord** Pa.R.Crim.P. 590, comment. A court may supplement an on-the-record colloquy with a written colloquy that was read, completed, and signed by the defendant and made part of the plea proceeding. **See Morrison**, 878 A.2d at 108; **accord** Pa.R.Crim.P. 590, comment.

Here, our review shows that the written plea colloquy, which Daniels signed, contains substantially similar information as outlined in Rule 590 and was made part of the record when Daniels entered his guilty plea. Thus, Daniels's claim that plea counsel should have objected based on Rule 590 lacks arguable merit, and we perceive no basis to conclude that he would not have pleaded guilty had he received a full on-the-record colloquy or that his plea was unknowing, unintelligent, or involuntary. Thus, no relief is due. **See Morrison**, 878 A.2d at 109.

As to Daniels's remaining claims that prior counsel should have objected to defects in the magisterial district court proceeding or before the entry of his plea, the PCRA court properly observed that a conviction cures defects at the preliminary hearing, and a valid guilty plea constitutes waiver of challenges based on other procedural deficiencies. **See Jones**, 929 A.2d at 211-12 (noting that "[a] plea of guilty constitutes a waiver of all

nonjurisdictional defects and defenses" (internal quotations omitted)). Here, the written colloquy informed Daniels that he was waiving his rights to file pretrial motions with the assistance of counsel. Daniels has not established that his plea was unknowing, unintelligent, or involuntary, or that counsel's failure to file pretrial motions impacted his decision to plead guilty. Thus, Daniels's claims fail. ***See Morrison***, 878 A.2d at 108; ***see Rathfon***, 899 A.2d at 369.

Lastly, we address the *pro se* motions and applications Daniels filed in this Court, including his requests for immediate release, discharge, and supplementation of the record, as well as his assertions of fraud and other procedural defects in the magisterial district court and the trial court. Having reviewed the record, the arguments, and Daniels's *pro se* filings, we conclude no further relief is due because his motions and applications raise claims not raised in the PCRA court, involve documents already contained in the certified record, or involve documents and claims unnecessary to decide the issues presented in this appeal.

Order affirmed. Motions and applications denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/25/2023