J-S04020-22

2022 PA Super 26

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BENOY THOMAS | : | |
| | : | |
| Appellant | : | No. 680 EDA 2021 |

Appeal from the PCRA Order Entered March 19, 2021
In the Court of Common Pleas of Delaware County
Criminal Division at CP-23-CR-0001355-2020

BEFORE:  BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.[*]

OPINION BY MURRAY, J.:                    **FILED FEBRUARY 15, 2022**

Benoy Thomas (Appellant) appeals from the order dismissing his timely petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

This case began when,

> [o]n March 3, 2020, Appellant was arrested and charged with various criminal offenses, including four counts of Possession with Intent to Deliver (35 P.S. § 780-113(A)(30)).
>
> On July 13, 2020 Appellant tendered a negotiated plea of guilty to one count of Possession with Intent to Deliver (ungraded felony). In accordance with the negotiated plea agreement, this [c]ourt immediately imposed upon Appellant a sentence of, *inter alia*, confinement for a minimum term of three months (to be served on electronic home monitoring) to a maximum term of twenty-three months, followed by a two-year term of county probation.

PCRA Court Opinion, 7/16/21, at 1-2.

---

[*] Former Justice specially assigned to the Superior Court.

Appellant did not file a direct appeal. With new representation, he timely filed a PCRA petition alleging ineffectiveness of prior counsel (Plea Counsel). Appellant claims counsel's ineffectiveness led to his placement "in deportation proceedings by ICE as a result of his guilty plea." PCRA Petition, 8/13/20, at 3.

Appellant's Petition and Commonwealth Response

Appellant is not a United States citizen. He is a citizen of India, and his native language is Malayalam. *See id.* Appellant avers he has "limited proficiency in English," and Plea Counsel failed to request a translator. *Id.* Appellant asserts Plea Counsel advised him "that the risk of deportation was *not a real risk* in this case." *Id.* (emphasis in original). He states Plea Counsel failed to "inquire as to [Appellant's] immigration status prior to the Guilty Plea Hearing," and failed to advise Appellant "there could be collateral immigration consequences." *Id.* at 3, 5. Because Plea Counsel provided Appellant "with false assurances that the possibility of deportation resulting from the guilty plea was not a real one," Appellant "believed that he had no real adverse immigration consequence by pleading guilty to the crime of Possession of a Controlled Substance With the Intent to Deliver – Cocaine." *Id.* at 3-4, 5.

"After his Guilty Plea Hearing, [Appellant] first discovered that his conviction has adverse immigration consequences when he was placed in deportation proceedings." *Id.* at 4. Appellant "would have rejected the plea"

had Plea Counsel properly advised him of the "real adverse immigration consequences." *Id.* at 7. Appellant asserts Plea Counsel was ineffective for misadvising him about the likelihood of being deported, and "prejudicial ineffectiveness … undermined the process in this case so no reliable adjudication of guilt or innocence could have taken place." *Id.*

The Commonwealth filed a response opposing an evidentiary hearing. The Commonwealth faulted Appellant's noncompliance with the PCRA, stating:

> Because [Appellant's] claim lacks any support in the record, he was obliged to establish his claim by supplying witness certifications (42 Pa.C.S. § 9545 (d)(1)(i); Pa.R.Crim.P. 902(A)(15)) and 'affidavits, documents, and other evidence' (Pa.R.Crim.P. 902(A)(12)) from himself, or trial counsel, or any other witness, that would establish the three prongs of the ineffectiveness test.

Commonwealth Response, 10/13/20, at 2.

In addition, the Commonwealth described Appellant's petition as "mak[ing] a bare, unsupported claim of attorney ineffectiveness for failing to inform him of the collateral immigration consequences of his guilty plea." *Id.* The Commonwealth argued that "aside from presenting his allegations as fact and concluding error, [Appellant] wholly failed to meet his burden of proof. This shortcoming not only precludes an evidentiary hearing, it is fatal to his claim." *Id.* at 3. Notwithstanding the Commonwealth's opposition, the PCRA court conducted an evidentiary hearing.

### PCRA Hearing

Appellant was the only witness. He testified remotely by video, through a court-certified interpreter who was physically present at the hearing.[1] N.T., 10/27/20, at 3.

Appellant testified that Immigration and Customs Enforcement (ICE) took him into custody approximately two weeks after his plea and sentencing. *Id.* at 8. Appellant stated he did not know he could consult an immigration attorney, or "that he would be deported to India. So he never thought of going to an immigration attorney." *Id.* at 9. Appellant testified he "signed the [plea colloquy] papers in the hallway[,] . . . did not see what the papers were and he asked but the lawyer said time we got to go. So he signed it and they were in the courtroom and that is all he had." *Id.* at 10-11.

Appellant testified that Plea Counsel met with him three times. *Id.* at 12. At the plea hearing, Appellant

> did not ask any questions, he just signed the paperwork that they gave to him. ... He said he did not understand what it is that

_____

[1] The Commonwealth objected to Appellant's testimony, arguing that Appellant's petition was noncompliant with Section 9545 and lacked "certifications or affidavits of any witnesses which renders any proposed witness testimony admissible." N.T., 10/27/20, at 6. The PCRA court advised it would allow the testimony and "consider the argument at a later time." *Id.* Although the court did not expressly overrule the objection, its ruling is implied by the analysis in its March 19, 2021 order and July 15, 2021 opinion. The court denied relief after "consideration of the issues raised in Appellant's PCRA petition," making "credibility determinations," and concluding Appellant's claims are "absurd and wholly unproven, unsubstantiated, uncorroborated, and conceived only following the institution of deportation proceedings against him." PCRA Court Opinion, 7/15/21, at 11.

[*sic*] and the lawyer didn't give him an opportunity to read it. ... The lawyer asked him to sign it and also he asked … what should I be doing. And the lawyer said whatever the Judge asks you just say yes to all of those questions and it will be fine for you. ... He did not read the paragraph [about the risk of deportation]. ... He did not know in the beginning that they were going to deport [him]. ... He did not ask [whether he could get a better offer,] but when the immigration people came to the house to pick him up he asked friends to call his lawyer and friends called two or three times and he did not respond.

N.T., 10/27/20, at 11-12 (translator relating Appellant's testimony).

Appellant additionally expressed concern about religious persecution, stating that he is a practicing Catholic and fears returning to India because "they will give him a hard time." ***Id***. at 13-14. A week prior to the PCRA hearing, Appellant "phoned the immigration lawyer and [asked about asylum in the United States] and they said you are not eligible because of the felony that you have." ***Id.*** at 15. Appellant testified he "did not get a chance and nobody told him that he was not eligible for asylum." ***Id.*** Appellant pled guilty "because he was told it was only for three months and he would be out of this case." ***Id.*** Appellant would not have accepted the plea if he knew he would be ineligible for asylum. ***Id.***

At the conclusion of PCRA counsel's direct examination, the Commonwealth stated it had no questions for cross-examination and would "go on the record we have." ***Id.*** at 16. The PCRA court deferred disposition, and provided a timeframe for the parties to submit briefs "in regards to the colloquy or any other issue that exists." ***Id.***

### PCRA Court Disposition

On March 19, 2021, the PCRA court entered its order denying relief. The order included findings of fact and conclusions of law. Noting PCRA counsel[2] had provided "remarkable, well-reasoned, and zealous representation … in raising important issues on behalf of [Appellant]," the court nonetheless concluded,

> [Appellant's] testimony and argument are not compelling enough to change this court's determination that the PCRA petition should be dismissed and [Appellant] has failed to meet his burden under the PCRA to show plea counsel was ineffective or the plea was unlawfully induced; the claims and allegations are not proven and are without support in the record and lack merit; there are no additional issues meriting relief under the PCRA; [Appellant] is not entitled to post conviction collateral relief; and no purpose would be served by any further proceeding[.]

Order, 3/19/12, at 1-2.

Appellant timely appealed. Although the PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement, it filed an opinion on July 15, 2021, in which it expanded on the findings and conclusions set forth in the March 19, 2021, order.

### Issue

Appellant presents one question for our review:

1. Whether the PCRA court erred in dismissing Appellant's Petition for Post-Conviction Collateral Relief[?]

---

[2] On June 4, 2021, this Court granted PCRA counsel's "Motion to Withdraw as Counsel." The PCRA court appointed appellate counsel on June 10, 2021.

Appellant's Brief at 4.

Appellant argues the PCRA court erred in failing to find Plea Counsel ineffective. Appellant claims Plea Counsel "misadvised Appellant by stating that there was no real risk of deportation as a result of pleading guilty to the charge of Possession of a Controlled Substance With the Intent to Deliver — Cocaine, [and f]or this reason, Appellant believed that he faced no real adverse immigration consequence by pleading guilty to this crime." *Id.* at 6.

### Legal Standards

In reviewing the PCRA court's denial of relief, we examine whether the determination is supported by the record and free of legal error. *Commonwealth v. Montalvo,* 114 A.3d 401, 409 (Pa. 2015) (citation omitted). We will not disturb the court's findings unless there is no support in the record. *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012). "It is an appellant's burden to persuade us that the PCRA court erred and that relief is due." *Commonwealth v. Miner*, 44 A.3d 684, 688 (Pa. Super. 2012).

With regard to Appellant's claim of Plea Counsel's ineffectiveness, counsel is presumed to be effective, and a PCRA petitioner bears the burden of proving otherwise. *Commonwealth v. Becker*, 192 A.3d 106, 112 (Pa. Super. 2018). To obtain relief based on ineffective assistance of counsel, the petitioner must establish: (1) the underlying claim is of arguable merit; (2) there was no reasonable basis for counsel's action or failure to act; and

(3) but for counsel's error, there is a "reasonable probability the result of the proceeding would have been different." ***Commonwealth v. Treiber***, 121 A.3d 435, 444 (Pa. 2015). Failure to satisfy any of the three prongs is fatal to the claim. ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014). It is well-settled that "counsel cannot be held ineffective for failing to pursue a meritless claim[.]" ***Commonwealth v. Hall,*** 867 A.2d 619, 632 (Pa. Super. 2005).

"In the context of a plea, a claim of ineffectiveness may provide relief only if the alleged ineffectiveness caused an involuntary or unknowing plea." ***Commonwealth v. Orlando***, 156 A.3d 1274, 1281 (Pa. Super. 2017). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." ***Commonwealth v. Hickman,*** 799 A.2d 136, 141 (Pa. Super. 2002) (citations omitted).

<u>Analysis</u>

At the outset, we observe that in the heading of Appellant's argument, Appellant states the PCRA court "erred in dismissing" his petition. Appellant's Brief at 9. However, Appellant never discusses **how** the PCRA court erred. ***See id.*** at 9-23. Appellant essentially repeats the argument he presented to the PCRA court, and requests this Court "vacate the PCRA Court's Order and grant Appellant post-conviction relief." ***Id.*** at 23. We emphasize it is

Appellant's duty to prove error by the PCRA court, *Miner*, *supra*, and while we review the PCRA court's legal conclusions *de novo*, we are bound by the PCRA court's credibility determinations. *See Commonwealth v. Lee*, 206 A.3d 1, 6 (Pa. Super. 2019).

Appellant's argument is based on the "adverse consequences" of his guilty plea, *i.e.*, deportation. He claims:

> Plea Counsel (1) misadvised him by informing him that Appellant's plea had no real adverse immigration consequence; (2) failed to advise him of the immigration consequences of his plea in violation of the Sixth Amendment right to effective counsel; (3) failed to adequately investigate the adverse immigration consequences of crimes involving drugs; and (4) failed to adequately investigate potential plea offers that would include mitigation of the adverse immigration consequences now facing Appellant.

Appellant's Brief at 9.

Our review reveals no error by the PCRA court. Generally, "a defendant's lack of knowledge of collateral consequences of the entry of a guilty plea does not undermine the validity of the plea, and counsel is therefore not constitutionally ineffective for failure to advise a defendant of the collateral consequences of a guilty plea." *Commonwealth v. Abraham*, 62 A.3d 343, 350 (Pa. 2012). However, the United States Supreme Court has recognized that immigration law "ma[kes] removal nearly an automatic result for a broad class of noncitizen offenders," and it is therefore "'most difficult' to divorce the penalty from the conviction in the deportation context," when considering the constitutional right to effective assistance of counsel. *Padilla*

***v. Kentucky***, 559 U.S. 356, 366, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010) (citation omitted).

In ***Padilla***, the defendant, Jose Padilla, pled guilty to possessing a large amount of marijuana. In postconviction proceedings, Mr. Padilla alleged his plea counsel did not advise him of immigration consequences; to the contrary, his counsel told him "'he did not have to worry about immigration status since he had been in the country so long.'" ***Id.*** at 359, 130 S.Ct. 1473 (citation omitted). Mr. Padilla claimed he relied on counsel's erroneous advice, when in reality, his plea "made his deportation virtually mandatory." ***Id.*** Mr. Padilla alleged that he would have gone to trial but for the incorrect advice from his attorney. ***Id.*** "Assuming the truth of his allegations," the United States Supreme Court concluded the Supreme Court of Kentucky improperly denied Mr. Padilla "relief without the benefit of an evidentiary hearing." ***Id.*** It held, as a matter of law, that "counsel must inform her client whether his plea carries a risk of deportation." ***Id.*** at 374, 130 S.Ct. 1486.

After the United States Supreme Court decided ***Padilla***, this Court decided ***Commonwealth v. Escobar***, 70 A.3d 838 (Pa. Super. 2013). In ***Escobar***, the defendant, like Appellant, pled guilty to possession of a controlled substance (cocaine), with intent to deliver.

> Following his plea, the federal government commenced deportation proceedings against him. Escobar filed a petition for collateral relief, asserting that counsel's advice did not sufficiently inform him that deportation was a certainty.

The PCRA court granted relief, but this Court reversed. Distilling the United States Supreme Court's seminal opinion in ***Padilla v. Kentucky***, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), into its essential holding, we determined that **"counsel must inform a noncitizen defendant as to whether a plea carries a risk of deportation."** *Escobar*, 70 A.3d at 841 (citing ***Padilla***, 559 U.S. at 373-74, 130 S.Ct. 1473).

The record established not only that counsel had informed Escobar that deportation proceedings were "likely and possible," but also that Escobar had signed a written plea colloquy indicating that he understood the risk. Thus, Escobar was fully and specifically aware that his conviction made him "deportable." Under these circumstances, we determined that counsel incurred no further responsibility to advise or predict whether "actual deportation proceedings [were] a certainty," and we deemed counsel's representation constitutionally adequate.

***Commonwealth v. Velazquez***, 216 A.3d 1146, 1150–51 (Pa. Super. 2019) (some citations omitted) (distinguishing ***Escobar*** and holding plea counsel ineffective for failing to advise defendant of the deportation risk of pleading to simple assault).

As with ***Escobar***, we affirmed the denial of PCRA relief in ***Commonwealth v. Rachak***, 62 A.3d 389 (Pa. Super. 2012), where the defendant was repeatedly advised of his right to counsel, waived the right, and entered a *pro se* guilty plea to possession of cocaine, 35 P.S. § 780–113(a)(16), and possession of drug paraphernalia, 35 P.S. § 780–113(a)(32). ***Id.*** at 392. The defendant filed a counseled PCRA petition asserting his plea was invalid because he was unaware of immigration consequences. ***Id.*** at 395. This Court affirmed the denial of relief based on the PCRA court's reasoning, which we reproduced, stating: "While the United States Supreme

Court has recognized that lawyers have a responsibility to inform clients of potential immigration consequences before entering a guilty plea, it has not, as of this date, placed the same responsibility on the courts." *Id.*

The immigration statute implicated in *Padilla*, *Escobar*, *Rachak* — and Appellant's case — pertains to convictions for crimes involving controlled substances:

> Any alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States or a foreign country relating to a controlled substance ... other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable.

8 U.S.C. § 1227(a)(2)(B)(i).

Consistent with the foregoing legal authority, we discern no error by the PCRA court. The evidence from the plea hearing contradicts Appellant's claim regarding his English skills. Appellant responded "yes" when Plea Counsel asked him whether he "could read and write the English language?" N.T., 7/13/20, at 4. Thereafter, the following exchange occurred between the Commonwealth, the trial court, Plea Counsel, and Appellant:

| [COMMONWEALTH]: | **[W]e had originally continued this matter because there was an immigration issue and I believe that immigration issue persists and I think the record should clearly reflect that Counsel has had that conversation with his client and his client understands**. |
|---|---|
| THE COURT: | [Plea Counsel]? |

- 12 -

| | |
|---|---|
| [PLEA COUNSEL]: | Yes, Your Honor. Now [Appellant], prior to entering this guilty plea, I explained to you that at the time you were entering the plea you were not a U.S. citizen. Do you understand that? |
| [APPELLANT]: | Yes. |
| [PLEA COUNSEL]: | **And that this could possibly affect your immigration status**. |
| [APPELLANT]: | **Yes.** |
| [PLEA COUNSEL]: | Do you understand that? |
| [APPELLANT]: | Um-hum. |
| [PLEA COUNSEL]: | **And knowing that, [Appellant], you would still like to plead guilty, is that correct**? |
| [APPELLANT]: | Yes. |
| [PLEA COUNSEL]: | Is the Court satisfied? |
| THE COURT: | Yes. Thank you. [Appellant], I am reviewing your Guilty Plea Statement and your Statement of Post Sentence Rights. I note for the record that next to every paragraph there are the initials B.T. Those are your initials, correct? |
| [APPELLANT]: | Yes. |
| THE COURT: | And you placed them next to every paragraph? |
| [APPELLANT]: | Yes. |
| THE COURT: | And you did so after reading each paragraph? Yes? |
| [APPELLANT]: | Yes. |

| THE COURT: | And you did so with the assistance of Counsel? He advised you as to what they meant, et cetera? |
| --- | --- |
| [APPELLANT]: | Yes. |
| THE COURT: | Do you have any questions now for him or for me as it relates to these documents? |
| [APPELLANT]: | No. |

N.T., 7/13/20, at 8-10 (emphasis added).

Appellant's written guilty plea included the following paragraph, initialed by Appellant, which states:

> If I am not a United States citizen, my plea(s) of guilty or *nolo contendere* may subject me to **MANDATORY DEPORTATION** and other adverse immigration consequences. My attorney has answered, to my satisfaction, any questions I have had concerning adverse immigration consequences of this plea. I also acknowledge that I have had the opportunity to consult an attorney specializing in immigration-deportation law.

*See* Order, 3/19/21, at 3 (quoting Appellant's Guilty Plea Statement at ¶ 22) (bold and underline in original).

The PCRA court expressly found Appellant, "throughout the proceedings, demonstrated an understanding of the proceedings and specifically testified he could read and write English." Order, 3/19/21, at 2. The court stated, "[f]rom the outset, it was apparent Appellant understood English, and he testified he could read, write and understand the English language." PCRA Court Opinion, 7/15/21, at 8. The court observed:

> Appellant answered questions in a manner that demonstrates an understanding of the questions asked. Appellant testified using the English language, and responded to questions using familiar

- 14 -

terms including, "Um-hum" and "Uh-huh", and explaining to the [c]ourt his employment status. Additionally, neither Appellant nor his attorney raised the concern Appellant required an interpreter, and this court did not observe any signs Appellant required one or did not understand the proceeding.

*Id.* at 7 (citation to notes of testimony omitted).

The court further explained:

The PCRA provides collateral relief for persons convicted of crimes they did not commit and persons serving illegal sentences, and it is limited in scope. 42 Pa.C.S. § 9541 *et seq*. The PCRA absolutely is not a conduit for providing unhappy defendants with a complete do-over. The PCRA precludes relief for claims raised and decided on direct appeal and waived claims, and an appeal from the dismissal of a PCRA petition addresses only issues raised in the PCRA petition. *See* 42 Pa.C.S. §§ 9543(a)(3) and 9544.

PCRA Court Opinion, 7/15/21, at 2-3.

In sum, the PCRA court had discretion to "believe or not believe testimony, and self-serving or uncorroborated statements by petitioner do not shift petitioner's burden of proof." *Id.* at 3 (citing *Commonwealth v. Baker*, 507 A.2d 872 (Pa. Super. 1985)). The PCRA court accurately noted that its credibility determinations are binding on this Court when supported by the record. *Id.* It also bears repeating that Appellant was the only witness at the PCRA hearing. In considering Appellant's testimony in the context of the record as a whole, the PCRA court concluded that Appellant's uncorroborated allegations were "no more than self-serving, after-the-fact, contrived grievances against plea counsel." *Id.* at 11.

As the record supports the PCRA court's factual findings, and its conclusions are consistent with the law, we discern no error in the PCRA court's determination that Appellant was not entitled to postconviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/15/2022