**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARYL BALKIM WILLIAMS | : | |
| | : | |
| Appellant | : | No. 684 WDA 2022 |

Appeal from the PCRA Order Entered April 27, 2022
In the Court of Common Pleas of Cambria County Criminal Division at
No(s):  CP-11-CR-0002407-2015

BEFORE:   BOWES, J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY BOWES, J.:                    **FILED: DECEMBER 16, 2022**

Daryl Balkim Williams appeals from the order that denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

On November 9, 2016, Appellant was sentenced to seven and one-half to fifteen years of imprisonment upon his entry of a guilty plea to two counts of aggravated assault.  Plea counsel failed to file a timely post-sentence motion or the requested direct appeal.  Appellant filed a timely *pro se* PCRA petition, which prompted the PCRA court to conclude based upon the docket entries that Appellant was entitled to reinstatement of his direct appeal rights.  However, the court simultaneously appointed counsel for the purposes of reviewing Appellant's *pro se* filings to determine "whether to pursue a direct

_____

[*] Retired Senior Judge assigned to the Superior Court.

appeal on the part of [Appellant] or file a no-merit letter with the [c]ourt." Order, 6/19/17.

Instead, counsel filed an amended PCRA petition upon which the court held hearings concerning the voluntariness of Appellant's plea and whether plea counsel was ineffective in her representation in connection with that plea. The PCRA court ultimately denied the amended PCRA petition. On appeal, this Court vacated the order denying the petition and remanded the case to first allow Appellant to pursue his direct appeal. **See Commonwealth v. Williams**, 229 A.3d 331 (Pa.Super. 2020) (non-precedential decision). The trial court accordingly entered an order reinstating Appellant's appellate rights *nunc pro tunc* and dismissing his PCRA petition without prejudice. **See** Order, 3/11/20. Thereafter, this Court affirmed Appellant's judgment of sentence, holding that Appellant's untimely post-sentence motion failed to preserve the only claim of error he raised, namely that the trial court erred in denying his request to withdraw his guilty plea. **See Commonwealth v. Williams**, 249 A.3d 1138 (Pa.Super. 2021) (judgment order).

Appellant next filed the timely, counselled PCRA petition at issue in the instant appeal. Therein, Appellant again asserted that plea counsel was ineffective in failing to adequately investigate Appellant's mental health history or competency to enter his plea. Appellant maintained that counsel's deficient performance rendered his plea unknowing and involuntary. **See** PCRA Petition, 2/7/22, at ¶¶ 16-19. Following a status conference, the PCRA

court found that no hearings or exhibits in addition to those already of record were necessary to address Appellant's reiterated claims and ordered the parties to submit briefs on the issues. *See* Order, 3/18/22. Following a review of those submissions and the evidence of record, the PCRA court denied Appellant's petition for the reasons stated in its December 12, 2018 opinion. *See* Order, 4/27/22.

Appellant filed a timely notice of appeal, and both he and the PCRA court complied with Pa.R.A.P. 1925.[1] Appellant presents one question for our consideration: "Did the [PCRA] court err in failing to determine that [Appellant] should be granted relief under the [PCRA] based upon his trial counsel being ineffective?" Appellant's brief at 4.

We begin with a review of the applicable law. "This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." *Commonwealth v. Rizvi*, 166 A.3d 344, 347 (Pa.Super. 2017). Further, "[i]t is an appellant's burden to persuade us that the PCRA court erred and that relief is due." *Commonwealth v. Thomas*, 270 A.3d 1221, 1226 (Pa.Super. 2022) (internal quotation marks omitted).

---

[1] Specifically, the PCRA court indicated that its December 12, 2018 opinion fully addressed Appellant's claims of error. *See* Rule 1925(a) Opinion, 7/18/22.

Counsel is presumed to be effective, and a PCRA petitioner bears the burden of proving otherwise. *Commonwealth v. Becker*, 192 A.3d 106, 112 (Pa.Super. 2018). To do so, the petitioner must plead and prove (1) the legal claim underlying his ineffectiveness claim has arguable merit; (2) counsel's decision to act (or not) lacked a reasonable basis designed to effectuate the petitioner's interests; and (3) prejudice resulted. *Id*. The failure to establish any prong is fatal to the claim. *Id*. at 113. Further, "[i]n the context of a plea, a claim of ineffectiveness may provide relief only if the alleged ineffectiveness caused an involuntary or unknowing plea." *Thomas*, *supra* at 1226 (internal quotation marks omitted).

In establishing the prejudice prong of such a claim, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Commonwealth v. Rathfon*, 899 A.2d 365, 370 (Pa.Super. 2006) (cleaned up). As one Court explained:

> In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea.

*Id*. (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Appellant's argument that the PCRA court erred in denying his claim of ineffective assistance of counsel is as follows. Appellant advised plea counsel that he had a history of mental health issues, including schizophrenia, which prompted counsel to have his competency evaluated by Dr. Scott Scotilla, an expert in clinical and forensic psychology. During that evaluation, Appellant indicated that he was facing drug charges although that separate case had been resolved. *See* Appellant's brief at 13. Appellant also informed Dr. Scotilla that he believed the outcomes of the present case would either be the dismissal of charges or a few months in jail, when in actuality he faced more than 100 years of imprisonment. *Id*. Appellant asserts that the discrepancies in the report create "a clear question as to whether the Appellant was competent to enter guilty pleas in this matter," that plea counsel had no reasonable basis not to follow up on Dr. Scotilla's report, and generically asserts that he suffered prejudice because "there is a reasonable probability that the result of the proceeding would have been different absent such error." *Id*. at 14-15.

We are unpersuaded by Appellant's arguments. The PCRA court was well within its discretion in determining that there was no arguable merit in Appellant's claim that he was not competent to enter his plea. The court credited Dr. Scotilla's findings that Appellant was fully capable of appreciating the charges he faced and in participating in his defense, that he was malingering in the sense of exaggerating his symptoms for his own benefit,

including so that he could qualify for disability benefits that he had previously been denied, and that his opinion about Appellant's competency would not have been different had he known that Appellant was facing assault charges with a greater potential penalty than the charges Appellant identified. **See** PCRA Court Opinion, 12/12/18, at 7-9. Further, Appellant has not come forth with any witness or other evidence that he had in fact been incompetent at the time he entered his plea.

Furthermore, Appellant's boilerplate allegation of prejudice is insufficient to satisfy his burden of proof. **See**, **e.g.**, **Commonwealth v. Sneed**, 45 A.3d 1096, 1106 (Pa. 2012) ("Boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioners burden to prove that counsel was ineffective." (cleaned up)). Appellant has failed to establish that, had counsel followed up on Dr. Scotilla's report, she would have made a different recommendation as to his plea, or that he otherwise would not have pled guilty. **Cf. Rathfon**, **supra** at 370-71 (affirming PCRA court's determination as to prejudice that was based upon its crediting the defendant's testimony that he would not have pled guilty had counsel not incorrectly advised him that he would be able to serve his sentence in the county jail).

Accordingly, Appellant has failed to convince us that the PCRA court erred in denying his PCRA petition and that he is entitled to relief from this Court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/16/2022