J-S14036-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HANOCH RUBEN MOYER | : | |
| | : | |
| Appellant | : | No. 1438 MDA 2023 |

Appeal from the PCRA Order Entered September 21, 2023
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0001023-2020

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                **FILED: MAY 24, 2024**

Hanoch Ruben Moyer (Appellant) appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we reverse and remand for proceedings consistent with this memorandum.

On January 14, 2020, the West Manchester Township Police Department charged Appellant with one count of corruption of minors – sexual in nature, and two counts of indecent assault – without consent.[1]  The charges stemmed from allegations that Appellant engaged in indecent contact with a minor victim on two occasions between October 2018 and October 2019.  ***See*** Criminal Complaint, 1/14/20, at 5.

---

[1] ***See*** 18 Pa.C.S.A. §§ 6301(a)(1)(ii), 3126(a)(1).

On August 25, 2021, pursuant to a negotiated plea agreement, Appellant entered a *nolo contendere* plea to a reduced charge of corruption of minors.[2] Edward Paskey, Esquire (plea counsel), represented Appellant during the plea hearing. On that same date, the trial court sentenced Appellant, in accordance with the plea agreement, to five years of probation. The trial court also imposed sex offender treatment as a condition of probation. **See** N.T., 8/25/21, at 4-5, 12. Appellant did not file a direct appeal.

On April 29, 2022, Appellant filed the instant, timely, PCRA petition.[3] On August 11, 2022, with no prior notice, the PCRA court denied Appellant's petition without a hearing. On August 19, 2022, Michael Diamondstein, Esquire (PCRA counsel), entered his appearance on behalf of Appellant. Appellant appealed from the denial of his PCRA petition.

A panel of this Court reversed the PCRA court's order based on the PCRA court's failure to provide Appellant with Pa.R.Crim.P. 907 notice of its intent

---

[2] **See** 18 Pa.C.S.A. § 6301(a)(1)(i). Unlike Section 6301(a)(1)(ii), the corruption of minors subsection to which Appellant entered a *nolo contendere* plea did not require him to register as a sex offender pursuant to the Sexual Offender Registration and Notification Act, 42 Pa.C.S.A. § 9799 *et seq*.

[3] In his counseled petition, Appellant claimed 1) plea counsel did not advise him of the restrictions and requirements of his sex offender conditions, and 2) he "recently became aware of new evidence that directly impacts the credibility of" a corroborating witness. PCRA Petition, 4/29/22, ¶¶ 7, 11.

to dismiss his petition and remanded for further proceedings.[4]  ***See***

***Commonwealth v. Moyer***, 292 A.3d 1085, 1197 MDA 2022 (Pa. Super.

2022) (unpublished memorandum).

On remand, Appellant sought (and the PCRA court granted) leave to file

the underlying, amended PCRA petition.  Pertinently, in addition to the claims

raised in his initial petition, Appellant alleged plea counsel was ineffective for

advising him that his corruption of minors conviction would permit him to

retain his firearms.  Amended PCRA Petition, 2/9/23, ¶ 12.  The PCRA court

held an evidentiary hearing on August 15, 2023, at which plea counsel and

Appellant testified.  On September 21, 2023, the PCRA court denied

Appellant's PCRA petition.  Appellant timely appealed.  Both the PCRA court

and Appellant have complied with Pa.R.A.P. 1925.

> Appellant raises the following issues for our review:
>
> Whether the [PCRA c]ourt erred by denying [Appellant]'s PCRA petition claiming that [plea] counsel provided ineffective assistance of counsel by:
>
> (1) misadvising him that his no contest plea and conviction would not bar him from possessing firearms; and
>
> (2) not advising him of the conditions and consequences of sex offender probation.

---

[4] Rule 907(1) states, "the judge **shall** give notice to the parties of the intention to dismiss the petition….  The defendant may respond to the proposed dismissal within 20 days of the date of the notice."  Pa.R.Crim.P. 907(1) (emphasis added).

Appellant's Brief at 9 (paragraph breaks added).

In considering Appellant's claims, we are mindful of our standard of review:

> When reviewing the denial of a PCRA petition, an appellate court must determine whether the PCRA court's order is supported by the record and free of legal error. Generally, a reviewing court is bound by a PCRA court's credibility determinations and its fact-finding, so long as those conclusions are supported by the record. However, with regard to a court's legal conclusions, appellate courts apply a *de novo* standard.

*Commonwealth v. Drummond*, 285 A.3d 625, 633 (Pa. 2022) (citations, quotation marks, and footnotes omitted).

Both of Appellant's issues allege ineffective assistance of plea counsel.

> To prevail on a claim of ineffective assistance of counsel, a PCRA petitioner must satisfy the performance and prejudice test set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687[](1984). This Court has recast the two-part *Strickland* standard into a three-part test by dividing the performance element into two distinct components. To prove that counsel was ineffective, the petitioner must demonstrate: (1) that the underlying claim has arguable merit; (2) that no reasonable basis existed for counsel's actions or failure to act; and (3) that the petitioner suffered prejudice as a result of counsel's error. To prove that counsel's chosen strategy lacked a reasonable basis, a petitioner must prove that "an alternative not chosen offered a potential for success substantially greater than the course actually pursued." To satisfy the prejudice prong, a petitioner must demonstrate that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction. Counsel is presumed to be effective; accordingly, to succeed on a claim of ineffectiveness the petitioner must adduce sufficient evidence to overcome this presumption.

*Id.* at 634 (footnotes and some citations omitted).

Appellant's first, dispositive, issue alleges plea counsel "was ineffective for failing to properly advise [Appellant] that his no contest plea would bar him from possessing firearms." Appellant's Brief at 21. Appellant claims counsel's incorrect advice resulted in an unknowing and involuntary plea. *Id.* at 23.

"The right to the constitutionally effective assistance of counsel extends to counsel's role in guiding his client with regard to the consequences of entering into a guilty plea." *Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa. Super. 2013) (citation omitted). "In the context of a plea, an ineffectiveness [claim] may provide relief only if the alleged ineffectiveness caused an involuntary or unknowing plea." *Commonwealth v. Midgley*, 289 A.3d 1111, 1119 (Pa. Super. 2023) (citation omitted).

> Generally, a defendant's lack of knowledge of collateral consequences of the entry of a guilty plea does not undermine the validity of the plea, and counsel is therefore not constitutionally ineffective for failure to advise a defendant of the collateral consequences of a guilty plea.

*Commonwealth v. Thomas*, 270 A.3d 1221, 1227 (Pa. Super. 2022) (quoting *Commonwealth v. Abraham*, 62 A.3d 343, 350 (Pa. 2012)). "[C]ounsel's **omission** to mention a collateral consequence of a guilty plea does not constitute ineffective assistance of counsel[.]" *Barndt*, 74 A.3d at 196 (emphasis added; citation omitted). However, "**counsel's assistance is constitutionally ineffective when counsel misapprehends the consequences of a given plea and misleads his client accordingly**

- 5 -

**about those consequences**, without regard to whether the consequences in question are 'direct' or 'collateral.'" *Id.* (emphasis added; footnote omitted).

At the August 15, 2023, PCRA hearing, plea counsel testified:

I explained to [Appellant] that if he entered a plea and he was going to be sentenced to a period of supervision in York County, number one, he would have to sign the standard conditions for York County Probation and Parole, which would indicate that during the time of his supervision, he was not to be in possession of any firearms.

Second, because of the offense that he was pleading guilty to, and the maximum possible penalty was going to be in excess of 12 months, he would be prohibited from purchasing a firearm. **However, I indicated to him at that point that this was not an offense that would make him a felon not to possess a firearm.** However, under my interpretation of [f]ederal laws, I understood it then and I understand it now, it would not be illegal for him to be in possession of a firearm. This part we didn't discuss, but **I said it would not be illegal under the facts of his case to be in possession of a firearm**.

N.T., 8/15/23, at 7-10 (emphasis added). At the hearing (and in his brief on appeal), Appellant focused his inquiry on his purported federal firearms prohibition. *See id.* at 10-12; Appellant's Brief at 28-30.

In its order denying relief, the PCRA court acknowledged that Appellant "may well be unable to possess firearms under Pennsylvania law …, but this issue was raised only with respect to federal law, namely [18 U.S.C.A. §]

922(g)." Order, 9/21/23, at 1-2 (unpaginated). As a result, the PCRA court concluded that Appellant waived this claim.[5] We disagree.

In his amended PCRA petition, Appellant alleged plea "counsel was ineffective for … incorrectly advising him that he would still [] be able to possess firearms after being convicted of a [m]isdeameanor of the [f]irst [d]egree." Amended PCRA Petition, 2/9/23, at ¶ 12. *Cf. Commonwealth v. Jones*, 912 A.2d 268, 278 (Pa. 2006) ("[A]n issue is waived where it was **not** presented in the original or amended PCRA petition below." (citation omitted; emphasis added)). In his Pa.R.A.P. 1925(b) statement, Appellant claimed plea counsel rendered ineffective assistance by "misadvising him that his no contest plea and conviction would not bar him from possessing firearms[.]" 1925(b) Statement, 10/23/23, at 1.

Thus, Appellant preserved the issue of whether plea counsel misadvised him about his ability to possess firearms. Accordingly, we will address the arguable merit of Appellant's underlying claim that his corruption of minors conviction bars possession of a firearm under Pennsylvania law.

---

[5] The PCRA court further opined that neither claim concerning Appellant's firearm ownership is "ripe for consideration, as [Appellant] is currently prohibited from possession of firearms as a condition of his probation." Order, 9/21/23, at 1 (unpaginated). To the contrary, Appellant's status as a person legally prohibited from possessing a firearm was effective upon entry of his no contest plea. *Commonwealth v. Grove*, 170 A.3d 1127, 1148 (Pa. Super. 2017) ("[T]he date of imposition of the disability is the date of conviction of an enumerated offense." (citation omitted)).

- 7 -

Appellant asserts that corruption of minors is a disqualifying offense under 18 Pa.C.S.A. § 6105(b). Appellant's Brief at 28.

"When the question [is] one of statutory interpretation, our scope of review is plenary and the standard of review is *de novo*." ***Commonwealth v. Grove***, 170 A.3d 1127, 1141-42 (Pa. Super. 2017). "The object of our interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S.A. § 1921(a).

> "We are mindful that … the best indication of the legislature's intent is the plain language of the statute." ***Commonwealth v. Walter***, 93 A.3d 442, 450 (Pa. 2014) (citation omitted). "When the words of a statute are clear and unambiguous, we may not go beyond the plain meaning of the language of the statute under the pretext of pursuing its spirit." ***Id.***, citing 1 Pa.C.S.A. § 1921(b). However, only "when the words of the statute are ambiguous should a reviewing court seek to ascertain the intent of the General Assembly through considerations of the various factors found in Section 1921(c) of the [Statutory Construction Act]." ***Id.*** at 450-451, citing 1 Pa.C.S.A. § 1921(c).

***In re D.M.W.***, 102 A.3d 492, 494 (Pa. Super. 2014).

Section 6105 of the Crimes Code, concerning persons not to possess firearms, provides, in relevant part:

**(a) Offense defined.--**

(1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence … shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

….

**(a.1) Penalty.--**

(1) … [A] person convicted of a felony enumerated under subsection (b) … who violates subsection (a) commits a felony of the second degree.

….

**(b) Enumerated offenses.--**The following offenses shall apply to subsection (a):

….

Section 6301 (relating to corruption of minors)

18 Pa.C.S.A. § 6105(a), (a.1), (b).

The corruption of minors statute states that a person convicted of corruption of minors under 18 Pa.C.S.A. § 6301 is subject to the statutory restriction from firearms possession.  Section 6301(a) provides as follows:

**(a) Offense defined.--**

**(1)**

**(i)** Except as provided in subparagraph (ii), whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of court, commits a misdemeanor of the first degree.

**(ii)** Whoever, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31 commits a felony of the third degree.

**(2)** Any person who knowingly aids, abets, entices or encourages a minor younger than 18 years of age to commit truancy commits a summary offense.  Any person who violates

> this paragraph within one year of the date of a first conviction under this section commits a misdemeanor of the third degree. **A conviction under this paragraph shall not, however, constitute a prohibition under section 6105 (relating to persons not to possess, use, manufacture, control, sell or transfer firearms)**.

18 Pa.C.S.A. § 6301(a) (emphasis added).

Here, the General Assembly excepted from Section 6105's firearms prohibition those convicted under 18 Pa.C.S.A. § 6301(a)(2). The General Assembly included no similar exception for those convicted under Section 6301(a)(1).

"[A]ccording to the general principles of statutory construction, matters not included in a provision shall be deemed excluded." ***Commonwealth v. Nelson***, 690 A.2d 728, 731 (Pa. Super. 1997). Further,

> under the principle *expressio unius est exclusio alterius*, if the General Assembly includes specific language in one section of a statute but excludes it from another section, that language should not be implied where excluded. ***See Atcovitz v. Gulph Mills Tennis Club, Inc.***, … 812 A.2d 1218, 1223 (Pa. 2002)….

***Schock v. City of Leb.***, 210 A.3d 945, 965 (Pa. 2019).

Applying this expression principle, because the General Assembly chose not to grant an exception for those convicted under subsection (a)(1), we cannot imply an exception for Appellant, who was convicted under subsection (a)(1). Thus, a conviction under Section 6301(a)(1) precludes possession of a firearm under Section 6105(b). ***See*** 1 Pa.C.S.A. § 1903 (indicating words and phrases are given their common and approved usage);

*id.* § 1921 (indicating that when words are clear and free from ambiguity, they may not be disregarded).

As set forth above, plea counsel informed Appellant he could retain and possess any firearms that he already owned following his term of probation. *See* N.T., 8/15/23, at 7-10.[6]  In light of our conclusion that a Section 6301(a)(1) conviction is a disqualifying offense under Section 6105, Appellant's claim that plea counsel misadvised him concerning his right to possess firearms has arguable merit.[7]  *See Barndt*, 74 A.3d at 198 ("[W]e repeatedly have held that erroneous legal advice by counsel regarding the consequences of a plea, whether … collateral or direct, may constitute a basis for PCRA relief.").  Further, plea counsel had no reasonable basis for misadvising Appellant about the consequences of his plea.  *See id.* at 199; *see also Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002) (concluding plea counsel's advice concerning the defendant's boot camp

---

[6] The assistant district attorney also misapprehended the applicability of Section 6105(b) to Appellant's conviction during argument at the August 15, 2023, PCRA hearing:

> As [plea counsel] pointed out, [Appellant] is not a person not to possess under Pennsylvania law, that is not one of the offenses that's enumerated in [Section 6105(b)], and the plain language of Section 922 does not forbid him from merely owning or possessing a firearm.

N.T., 8/15/23, at 13.

[7] As we have concluded plea counsel's analysis was faulty under state law, we need not address Appellant's claim under federal law.

eligibility "was legally unsound and devoid of any reasonable basis designed to effectuate [the defendant's] interests.")

Having determined Appellant has satisfied the first two prongs of the ineffectiveness test, we next address whether Appellant established prejudice resulting from plea counsel's ineffectiveness. **See Drummond**, 285 A.3d at 634.

> [T]o establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. This is not a stringent requirement. The reasonable probability test refers to **a probability sufficient to undermine confidence in the outcome**.

**Commonwealth v. Velazquez**, 216 A.3d 1146, 1150 (Pa. Super. 2019) (emphasis added; citations omitted).

At the PCRA hearing, Appellant testified as follows:

[PCRA counsel]: … [D]id you ask [plea counsel] about your ability to possess a firearm with respect to this plea?

[Appellant]: Several times.

Q. … [W]hat did [plea counsel] advise you?

A. … [He a]dvise[d] me I may not be able to purchase firearms in the future, but I would have [] no problems after a probationary period to hunt and [t]o, you know, take my kids shooting, grand-kids, go to the range, whatever I wanted to do. He did not advise me that I may have to file some petition, some motion or [] anything else. It was basically stated to me that when this is over, go on with your life, have your guns.

….

Q. Okay. And was your Second Amendment Right important to you?

A. Absolutely.

….

**Q. And would you have entered into the plea agreement had you known that you would lose your Second Amendment Right?**

**A. Nope, nor would I have entered into the plea agreement, if I knew I had to jump through some special hoops to maintain them.**

N.T., 8/15/23, at 23-24 (emphasis added).

Upon review of the record and applicable authority, we are satisfied Appellant demonstrated prejudice resulting from counsel's inaccurate advice. Appellant is not required to establish that it is more likely than not that he would have rejected the no contest plea and proceeded to trial; he need only show that counsel's error undermines confidence in whether he would have pleaded guilty. *See Velazquez*, 216 A.3d at 1150. Plea counsel's patently erroneous advice, coupled with Appellant's testimony concerning how that advice impacted his decision-making, establish a "probability sufficient to undermine confidence in the outcome" of the proceeding. *Id.*; *see also Barndt*, 74 A.3d at 200 ("[T]he reasonable probability standard … is not especially stringent, but requires only a probability sufficient to undermine confidence in the outcome.").

As Appellant established a reasonable probability that he would not have pled guilty but for plea counsel's constitutionally deficient advice, we conclude his guilty plea was involuntary and unknowing. *See Midgley*, 289 A.3d at

1119; *see also Commonwealth v. Glantz*, 285 A.3d 928, 1677 MDA 2021 (Pa. Super. 2022) (unpublished memorandum at 11) (concluding the appellant's guilty plea was unknowing and involuntary, where counsel erroneously advised the appellant that he would not lose his right to possess firearms, and the appellant had expressed his interest in retaining his Second Amendment rights).[8]  Accordingly, we conclude the PCRA court erred and abused its discretion by denying Appellant's PCRA petition.[9]  We reverse the PCRA court's order denying Appellant relief, and remand for further proceedings.

Order reversed.  Case remanded for further proceedings.  Jurisdiction relinquished.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/24/2024

_____

[8] Pursuant to Pa.R.A.P. 126(b), unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for persuasive value.

[9] As Appellant is entitled to relief based on his first issue, we do not address his remaining claim.