J-S12044-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERTO FARROW | : | |
| | : | |
| Appellant | : | No. 2129 EDA 2024 |

Appeal from the PCRA Order Entered August 2, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008859-2019

BEFORE:  STABILE, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED MAY 8, 2025**

Appellant, Roberto Farrow, appeals from the post-conviction court's August 2, 2024 order denying his timely-filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Appellant raises a single claim that his guilty plea counsel acted ineffectively.  After careful review, we affirm.

The facts underlying Appellant's case are not germane to our disposition of this appeal.  We only note that on May 19, 2022, Appellant entered a negotiated guilty plea to one count of strangulation (18 Pa.C.S. § 2718(a)(1)) and one count of sexual assault (18 Pa.C.S. § 3124.1).  Pursuant to the plea agreement, Appellant was sentenced, that same day, to a term of four to eight years' incarceration, followed by three years' probation.  He did not file a post-sentence motion or an appeal from his judgment of sentence.

On April 24, 2023, Appellant filed a *pro se* PCRA petition. Counsel was appointed and filed an amended petition on July 25, 2023, asserting one claim of ineffective assistance of plea counsel. An evidentiary hearing was held on March 22, 2024, at which Appellant and his plea counsel both testified. On August 2, 2024, the PCRA court issued an order denying Appellant's petition.

Appellant filed a timely notice of appeal, and he and the court complied with Pa.R.A.P. 1925. Herein, Appellant states one issue for our review:

> Did the PCRA [c]ourt err in denying the PCRA petition after a hearing, as [A]ppellant's guilty plea was unlawfully induced by plea counsel's ill-advice[?] [A]ppellant asserts plea-counsel ill-advised [A]ppellant that [A]ppellant would be "all right" on his [probation] case[,[1]] and that he would not receive any additional time on the [probation] case, and that his total sentence for both cases would be four (4) to eight (8) years of incarceration followed by three (3) years of probation. [A]ppellant believed, due to plea-counsel's ill-advice and ineffectiveness, that both matters were essentially being consolidated. But[]for this ill-advice, there is a reasonable probability that [A]ppellant would have elected to go to trial instead of pleading guilty[.]

Appellant's Brief at 7.

Initially, we note that:

> To prevail on a claim of ineffective assistance of counsel, a PCRA petitioner must satisfy the performance and prejudice test set forth by the United States Supreme Court in **Strickland v. Washington**, 466 U.S. 668, 687 (1984). This Court has recast the two-part **Strickland** standard into a three-part test by dividing the performance element into two distinct components. To prove that counsel was ineffective, the petitioner must demonstrate: (1) that the underlying claim has arguable merit; (2) that no reasonable basis existed for counsel's actions or failure to act; and (3) that the petitioner suffered prejudice as a result of

---

[1] We explain Appellant's "probation case," *infra*.

counsel's error. To prove that counsel's chosen strategy lacked a reasonable basis, a petitioner must prove that "an alternative not chosen offered a potential for success substantially greater than the course actually pursued." To satisfy the prejudice prong, a petitioner must demonstrate that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction. Counsel is presumed to be effective; accordingly, to succeed on a claim of ineffectiveness[,] the petitioner must adduce sufficient evidence to overcome this presumption.

***Commonwealth v. Drummond***, 285 A.3d 625, 634 (Pa. 2022) (footnotes, some brackets, and some citations omitted).

Instantly, Appellant argues that his plea counsel, Edwin Rivera, Esq., misadvised him "that he would receive no additional time" in a separate, unrelated case for which Appellant was serving probation (hereinafter, "probation case") when Appellant entered his plea in this case. Appellant's Brief at 15. Appellant claims that, due to Attorney Rivera's advice, he believed his two cases were essentially being "consolidated" under Pa.R.Crim.P. 701,[2] and that the total sentence he would receive in both cases was four to eight

---

[2] That rule states:

> (A) Before the imposition of sentence, the defendant may plead guilty to other offenses that the defendant committed within the jurisdiction of the sentencing court.

> (B) When such pleas are accepted, the court shall sentence the defendant for all the offenses.

Pa.R.Crim.P. 701.

years' incarceration. *Id.* at 26. Appellant contends that counsel provided this erroneous advice during the following break at the guilty plea proceeding:

> THE COURT: Do you have any questions for me, your attorney or the Commonwealth?
>
> [Appellant]: I do, [for] my attorney.
>
> THE COURT: Go ahead, ask him.
>
> [Off-the-record discussion between Appellant and Attorney Rivera.]
>
> Okay, any additional questions for us?
>
> [Appellant]: No.

N.T., 5/19/22, at 9-10.

Appellant claims that during this off-the-record discussion with counsel, he asked Attorney Rivera about whether he would receive a separate sentence of incarceration in his probation case, and counsel assured Appellant "that it would be 'all right[.']" Appellant's Brief at 22. Appellant took counsel's remark to mean he would receive no further term of incarceration in the probation case and, thus, Appellant continued with entering his guilty plea. However, Appellant was ultimately resentenced in the probation case to "an additional [four] to [eight] years of incarceration, consecutive [to] the instant matter." *Id.* at 8. Appellant insists that, had he known he would receive a sentence of incarceration in his probation case, he would not have entered his instant guilty plea, and would have instead proceeded to trial. Thus, he contends that Attorney Rivera's erroneous advice led him to enter an unknowing and involuntary guilty plea, and constituted ineffective assistance of counsel.

- 4 -

We begin our analysis by recognizing that "[t]he right to the constitutionally effective assistance of counsel extends to counsel's role in guiding his client with regard to the consequences of entering into a guilty plea." *Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa. Super. 2013) (citation omitted). "In the context of a plea, an ineffectiveness [claim] may provide relief only if the alleged ineffectiveness caused an involuntary or unknowing plea." *Commonwealth v. Midgley*, 289 A.3d 1111, 1119 (Pa. Super. 2023) (citation omitted).

> Generally, a defendant's lack of knowledge of collateral consequences of the entry of a guilty plea does not undermine the validity of the plea, and counsel is therefore not constitutionally ineffective for failure to advise a defendant of the collateral consequences of a guilty plea.

*Commonwealth v. Thomas*, 270 A.3d 1221, 1227 (Pa. Super. 2022) (quoting *Commonwealth v. Abraham*, 62 A.3d 343, 350 (Pa. 2012)). "[C]ounsel's [failure] to mention a collateral consequence of a guilty plea does not constitute ineffective assistance of counsel[.]" *Barndt*, 74 A.3d at 196 (citation omitted). However, "counsel's assistance is constitutionally ineffective when counsel misapprehends the consequences of a given plea and misleads his client accordingly about those consequences, without regard to whether the consequences in question are 'direct' or 'collateral.'" *Id.* (footnote omitted).

In this case, both Appellant and Attorney Rivera testified at the PCRA proceeding. The PCRA court summarized their testimony, as follows:

According to Appellant, … Attorney [] Rivera[] ignored Appellant's concerns regarding the effect of his plea on his [probation case] and left him with the impression that he would not be sentenced to any additional time on that matter. Appellant testified that Attorney Rivera visited him in prison on multiple occasions and conveyed several offers from the Commonwealth. He claimed that when he said he did not want to accept the Commonwealth's offer because he was concerned about his [probation case], Attorney Rivera "became irate," but that despite pressure from Attorney Rivera, he refused to accept an offer that did not encompass his [probation] matter. N.T.[,] 3/22/2024[, at] 23[]-25[]. Appellant testified that eventually, when the offer of [four] to [eight] years was presented, Attorney Rivera told him that he could not be sentenced to more than [one] year of incarceration for his [probation case]. [*Id.* at] 25[]. He also testified that Attorney Rivera never told him that the victim had "recanted," and that[,] had he known the victim had doubts[,] he would not have accepted the offer. [*Id.* at] 26[]-27[].

Appellant testified that during the oral plea colloquy, when this [c]ourt asked if he had any questions for the court, Commonwealth, or his attorney, he asked Attorney Rivera if he had negotiated for this [c]ourt's sentence and his [probation-case] sentence to run concurrently. According to Appellant, Attorney Rivera told him it would be "all right." [*Id.* at] 22[]-23[]; *see also* N.T.[,] 5/19/2022[, at] 9[]-10[]…. Appellant said he understood this to mean that Attorney Rivera had negotiated for the sentences to run concurrent[ly], and that he would receive an aggregate term of [four] to [eight] years of incarceration. N.T.[,] 3/22/2024[, at] 27[]. Appellant conceded that, when Attorney Rivera visited him in prison, Attorney Rivera said that he was not sure what … sentence Appellant would receive [in his probation case], and that he was aware that Attorney Rivera did not represent him for the [probation case]. [*Id.* at] 32[-33]…. Particularly damaging to his credibility was Appellant's testimony that he did not recognize the written guilty plea colloquy, and implication that his signature had been forged. [*Id.* at] 34[]-35[].

Appellant's claims are belied by the record and Attorney Rivera's credible testimony. The record of Appellant's plea shows that this [c]ourt informed him that his plea would place him in direct violation of his probation. N.T.[,] 5/19/2022[, at] 9[]. This [c]ourt also explained the negotiated sentence, which made no reference to Appellant's [probation case]…. [*Id.* at] 6[]. Appellant had multiple opportunities to raise any questions

regarding his [probation-case] sentence with this [c]ourt even after he spoke with Attorney Rivera during the plea colloquy. When Appellant finished speaking with Attorney Rivera, this [c]ourt asked him if he had any further questions. This [c]ourt also asked Appellant if he had any questions after reviewing his [sexual offender] registration requirements, and offered him the chance to allocute, which Appellant declined. [*Id.* at] 10[]…, 14[]…, 16[]…. During sentencing, this [c]ourt provided a detailed breakdown of its sentence that made no mention of Appellant's [probation case]…, stating "[s]ir, your sentence is [four] to [eight] years on the strangulation, [three] years consecutive [probation] on the sexual assault.[" *Id.* at] 14[]. At no point did Appellant ask any further questions or mention his [probation-case] sentence.

Attorney Rivera credibly testified that he spoke with Appellant about his case several times, always in person at the prison. N.T.[,] 3/22/2024[, at] 13[]-14[]. He recalled that Appellant rejected the Commonwealth's initial offer of 20 to 40 years of incarceration. [*Id.* at] 10[]-11[]. Attorney Rivera testified that the Commonwealth later offered [four] to [eight] years[,] which he "thought was a very good offer … and [he] told [Appellant] [he] thought it was a very good offer." [*Id.* at] 18[]. Attorney Rivera further explained that he believed that accepting the offer was in Appellant's best interest because, although the victim at one point expressed interest in dropping charges, once DNA testing showed that Appellant was her attacker[,] she again became interested in pursuing the case. Attorney Rivera discussed his reasoning with Appellant "months" before his plea. [*Id.* at] 20[]-21[]. Attorney Rivera testified that he was aware that Appellant was on probation, and … he informed Appellant that a guilty plea would be a direct violation of his probation. [*Id.* at] 11[]. He testified that, after he explained that the plea would be a direct violation, Appellant "fill[ed] out the guilty [plea] colloquy … form, signed it and ple[d] guilty in court." [*Id.* at] 12[]. According to Attorney Rivera, Appellant did not ask him about consolidating his two cases. [*Id.* at] 17[]. Attorney Rivera did not remember his exchange with Appellant during the oral plea colloquy[,] but testified that he would not have given Appellant specific advice regarding his [probation case] … because he did not represent him on that case, and that his practice would be to advise the client that a guilty plea is a direct violation of probation and will require a hearing in front of the judge supervising probation. [*Id.* at] 12[], 14[]….

- 7 -

PCRA Court Opinion, 10/7/24, at 4-7.

The PCRA court ultimately "determined that Appellant was incredible and had not met his burden" of proving that Attorney Rivera had acted ineffectively. ***Id.*** at 7. Clearly, the court found credible Attorney Rivera's testimony that he did not advise Appellant that he would receive no further sentence in his probation case. The court did not believe Appellant's self-serving and contradictory testimony. On appeal, Appellant essentially asks this Court to reach a different credibility determination. However, it is well-settled that, where the record supports the PCRA court's credibility determinations — which it does in this case — we are bound by those decisions. ***See Commonwealth v. Johnson***, 966 A.2d 523, 539 (Pa. 2009) ("A PCRA court passes on witness credibility at PCRA hearings, and its credibility determinations should be provided great deference by reviewing courts.") (citing ***Commonwealth v. Santiago***, 855 A.2d 682, 694 (Pa. 2004) ("[W]e are bound by the PCRA court's credibility determinations where there is record support for those determinations."); ***Commonwealth v. Abu–Jamal***, 720 A.2d 79, 99 (Pa. 1998) ("Just as with any other credibility determination, where the record supports the PCRA court's credibility determinations, those determinations are binding on this [C]ourt.")). Accordingly, we agree with the PCRA court that Appellant failed to prove that Attorney Rivera gave him the erroneous advice that Appellant claims. Thus, no relief is due.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>5/8/2025</u>